**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 18-CIV-60759-ALTONAGA/Seltzer**

**PATH MEDICAL, LLC**,

Plaintiff,

v.

**GEICO INDEMNITY COMPANY**,

Defendant.
_________________________________/

**ORDER**

**THIS CAUSE** came before the Court on Plaintiff, Path Medical LLC's, Motion to Remand . . . [ECF No. 23], filed May 11, 2018. Defendant, Geico Indemnity Company, filed a Response [ECF No. 25] on May 25, 2018, to which Plaintiff did not file a reply. The Court has carefully reviewed the parties' submissions, the record, and the law.

## I. BACKGROUND

Plaintiff sued Defendant for breach of contract, declaratory relief, and statutory bad faith in the County Court of the 17th Judicial Circuit in Broward County. (*See generally* Complaint [ECF No. 1-3] 31–44). Plaintiff is a consortium of medical providers that provided services to Claudin Butler, who was entitled to personal injury protection benefits under an insurance policy she purchased from Defendant. (*See id*. 31–32). Butler assigned her benefits under the policy to Plaintiff, and Plaintiff in turn sought payment from Defendant for the medical services it provided to Butler. (*See id*. 33). Plaintiff alleges Defendant breached its contract with Butler by refusing to pay for the services Plaintiff provided. (*See id*. 35).

Defendant removed this action on the basis of diversity jurisdiction under 28 U.S.C. section 1332(a), stating the parties are citizens of different states and the amount in controversy

exceeds $75,000. (*See* Notice of Removal [ECF No. 1] 2[1]). Defendant contends this case is related to a separate action[2] it filed in the Middle District of Florida and should be transferred there. (*See* Motion and Supporting Memorandum to Transfer Venue ("Motion to Transfer") [ECF No. 16] 1–2). In the MDFL case, Defendant sued Plaintiff, alleging Plaintiff and others submitted fraudulent insurance charges for "unnecessary, illusory, unlawful, and otherwise unreimbursable health care services" provided to Defendant's insureds. (Exhibit 1, Federal Court Complaint [ECF No. 1-2] 1–2).

To establish the amount in controversy, Defendant explains the payments Plaintiff seeks in this case are the same payments Defendant alleges are fraudulent in the MDFL case. (*See* Notice of Removal 6). Defendant further asserts that, because Plaintiff seeks a declaratory judgment stating Defendant "cannot lawfully delay and/or deny payment" for medical services — including those at issue in the Middle District of Florida case — the millions of dollars at issue in that case can be included in the calculation of the amount in controversy in this action. (*Id.*). Finally, Defendant contends Plaintiff's request for punitive damages (*see* Compl. 12–13) could result in a judgment above the $75,000 threshold. (*See* Notice of Removal 5).

After Defendant removed this case and filed its Motion to Transfer, Plaintiff filed the present Motion (1) challenging the existence of diverse citizenship and the amount in controversy; and (2) seeking attorney's fees and costs incurred in having had to seek remand. (*See generally* Motion to Remand).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] *Government Employees Ins. Co., et al. v. Path Medical, LLC, et al.*, Case No. 8:17-CV-02848-SCB-TGW (M.D. Fla. Nov. 27, 2017).

## II. LEGAL STANDARD

"On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009) (citation omitted). In determining whether remand is necessary, district courts consider "only the limited universe of evidence available when the motion to remand is filed — i.e., the notice of removal and accompanying documents." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213–14 (11th Cir. 2007) (footnote call numbers omitted). Removal jurisdiction statutes are strictly construed, and "all doubts about the propriety of removal should be resolved in favor of remand." *King v. Gov't Employees Ins. Co.*, 579 F. App'x 796, 800 (11th Cir. 2014) (citing *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–29 (11th Cir. 2006)). With this standard in mind, the Court now turns to the deficiencies Plaintiff identifies in Defendant's claim that diversity jurisdiction exists.

## III. ANALYSIS

For purposes of diversity, the citizenship of a limited liability company is the same as the citizenship of each of its members. *See Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). The citizenship of a corporation is determined by the state of incorporation and the corporation's principal place of business. *See* 28 U.S.C. § 1332(c)(1).

Diversity jurisdiction also requires an amount in controversy in excess of $75,000. *See* 28 U.S.C. section 1332(a). Removal is proper "if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). If a plaintiff contests the amount in controversy, Defendant bears the burden of presenting evidence establishing the amount in dispute exceeds $75,000. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553–54 (2014).

**A. Diversity of Citizenship**

Plaintiff is a limited liability company formed under the laws of Florida with its principal place of business in Florida. (*See* Notice of Removal 3). Defendant is a corporation organized under Maryland law, with its principal place of business in Maryland. (*See id.* 4). According to Defendant's Notice of Removal, Plaintiff consists of two members, Russell Permaul and Robert Cash Lewin, both of whom are citizens of Florida; on that basis Defendant concludes Plaintiff is a citizen of Florida. (*See id.* 3). Based on its place of incorporation and the location of its principal place of business, Defendant asserts it is a Maryland citizen. (*See id.* 4). Defendant states diverse citizenship exists between the parties because "Plaintiff is a citizen of Florida and Geico is a citizen of a different state." (*Id.*).

Plaintiff contests Defendant's jurisdictional claims, explaining Geico Indemnity Company is a subsidiary of GEICO Corporation, a Delaware corporation, and is thus a citizen of Delaware. (*See* Mot. to Remand 7–8). Plaintiff also advises it consists of one member, Path Medical Center Holdings, Inc., that is also a Delaware corporation. (*See id.* 6). Consequently, Plaintiff is both a citizen of Delaware, where its sole member is incorporated, and Florida, the state where it is organized as a limited liability company. (*See id.*). Plaintiff then states the obvious: if Geico Indemnity Company is a citizen of Delaware, there is in fact no diversity of citizenship because both Defendant and Plaintiff are citizens of the same state. (*See id.* 7–8).

In short, Plaintiff disputes Defendant's citizenship allegations (*see* Mot. to Remand 6), while Defendant disputes Plaintiff's description of Defendant's corporate citizenship[3] (*see* Resp. 4 n.4). Based on the disputed information supplied by the parties, the Court cannot determine

[3] Defendant disagrees with Plaintiff's assertion Geico Indemnity Company should be considered a Delaware corporation, but states "it will not unnecessarily burden the Court by responding to this and similarly incorrect arguments." (Resp. 4 n.4). In the absence of evidence or authority from Defendant, the Court will not attempt to decide which description of Defendant's citizenship is correct.

whether diversity exists. Yet, and again, it is Defendant that bears the burden of demonstrating removal is proper.

In its Notice of Removal, Defendant inaccurately describes Plaintiff's citizenship as though it is a corporation instead of a limited liability company. (*See* Notice of Removal 3). The citizenship of limited liability companies is determined by the citizenship of each member, not by the state where it is organized and has its principal place of business. *See Purchasing Power, LLC*, 851 F.3d at 1220. Most troubling, Defendant describes the citizenship of Plaintiff's members incorrectly in its Notice of Removal despite having *accurately* identified it in the complaint it filed in the Middle District of Florida. (*See* Federal Court Compl. 3, 5–7). In the MDFL Complaint, filed on November 27, 2017, Defendant stated "since in or about October 2016, Path Medical has been owned and controlled by Path Holdings" (*id.* 5–6), and "Path Holdings was incorporated in Delaware on or about October 2, 2016" (*id.* 7).

Defendant's MDFL Complaint was filed by the same attorneys who filed the defective Notice of Removal in this case six months later. (*Compare id.* 191, *with* Notice of Removal 8). Curiously, in its Response Defendant offers no explanation for its decision to present to the Court jurisdictional assertions regarding Plaintiff that it plainly knew were either inaccurate or incomplete. (*See generally* Resp.). Defendant's submission of a Notice of Removal containing clearly inadequate information regarding the citizenship of the parties weighs in favor of remand.

**B. Amount in Controversy**

Defendant claims the costs of the medical treatment at issue, attorney's fees, declaratory relief, and punitive damages exceed $75,000. (*See* Notice of Removal 5–6). Plaintiff disagrees, stating the amount in controversy is no more than $10,000 for the breach of contract and declaratory relief claims because the damages are statutorily capped. (*See* Mot. 3). Plaintiff

further takes issue with Defendant's assumption the claims for punitive damages and attorney's fees will exceed the $75,000 threshold, stating the belief is "grossly misplaced." (*Id.* 4).

The Court is tasked with determining whether "it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement" at the time of removal. *Williams*, 269 F.3d at 1319. In the Notice of Removal, Defendant states Plaintiff fails to plead a specific amount in its Complaint (*see* Notice of Removal 4), but Defendant is mistaken. In its state court Complaint, Plaintiff alleges the amount in controversy, excluding interest, punitive damages, costs, extra-contractual damages, and attorney's fees, is greater than $100 but less than $5,000. (*See* Compl. 31). As Plaintiff demonstrates (*see* Mot. 1, 3), no more than $10,000 in personal injury protection benefits can be in dispute, because the claim is capped by state law. (*See* Fla. Stat. § 627.736; *see also* Compl. 33). Thus, Defendant has the burden to show, by a preponderance of the evidence, that the amount in controversy is greater than $75,000. *See Dart Cherokee*, 135 S. Ct. at 553–54. Defendant fails to meet this burden.

To reach the jurisdictional threshold, Defendant claims "unspecified medical treatment costs" contribute to the amount in controversy exceeding $75,000 (Notice of Removal 4), while failing to provide the required evidence in support (*see generally id.*; *see also Dart Cherokee*, 135 S. Ct. at 554). And although Defendant is correct to state a reasonable sum to account for attorney's fees may be included in the total amount in controversy, *see Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000), Defendant does not offer any basis to conclude reasonable fees would raise the amount in controversy above the jurisdictional requirement (*see generally* Notice of Removal; *see* Mot. 15).

Defendant also argues Plaintiff's request for declaratory judgment allows Defendant to include damages from its pending case in the Middle District of Florida. (*See* Notice of Removal

6–7). Defendant's attempt to inflate the amount in controversy in this case with damages sought in a separate case is novel and fails. The amount in controversy in an action for declaratory relief is the object of the litigation. *See Hunt v. Wash. State Apples Advert. Comm'n*, 432 U.S. 333, 347 (1977). Here, the object of the litigation is Defendant's obligation to pay Plaintiff for medical services rendered, not whether any or all of the medical services rendered by Plaintiff were fraudulent, as is alleged in the MDFL case. (*See* Compl. 8–9). Plaintiff seeks no more money than the amount due for the medical services it claims were rendered. (*See id*.).

Finally, Defendant argues Plaintiff's claim for punitive damages could result in a judgment greater than $75,000. (*See* Notice of Removal 5). Under Florida law, the punitive damages in Plaintiff's claim for statutory bad faith cannot be addressed until the insurance dispute is resolved. *See Laxman v. Safeco Ins. Co.*, No. 2:14-CV-14413-RLR, 2015 WL 845582, at *2 (S.D. Fla. Feb. 25, 2015) (holding because "the insured's action for coverage is pending and has not been resolved in Plaintiffs' favor, the action for bad faith has not accrued and is premature"). The premature bad faith claim must either be abated or dismissed without prejudice. *See id.*

Such a facially unripe claim cannot be included in the amount-in-controversy calculation. Defendant's argument to the contrary (*see* Notice of Removal 5) would impermissibly allow parties into federal court on the basis of frivolous and clearly deficient claims. *See Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir. 1973) (finding a complaint must "allege sufficient damages to assure the district court that the jurisdictional requirement has not been 'thwarted by the simple expedient of inflating the complainant's *ad damnum* clause.'" (quoting *Nelson v. Keefer*, 451 F.2d 289, 294 (3d Cir. 1971))).

**C. Attorney's Fees and Costs**

Plaintiff requests sanctions in the form of "all reasonable attorneys' fees and cost[s] incurred directly and indirectly as a consequence of the Defendant's Notice of Removal." (Mot. 20 (alteration added)). Defendant insists its removal was in good faith because (1) attorney's fees and punitive damages should be included in the amount in controversy, even if the request for punitive damages is subsequently dismissed; and (2) it had an objective basis for interpreting the declaratory relief Plaintiff seeks as encompassing more than a single personal injury protection claim. (*See* Resp. 5–6). As shown, neither of these bases for removal could plausibly raise a claim for less than $5,000 above the $75,000 threshold for diversity jurisdiction.

The Court, on remanding a case, "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under [section] 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (alterations added; citation omitted). The district court retains discretion to "consider whether unusual circumstances warrant a departure from the rule in a given case," but must exercise its discretion in a manner "faithful to the purposes of awarding fees under [section] 1447(c)." *Id.* (alteration added; internal quotation marks and citations omitted).

The Court finds Defendant "lacked an objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Id.* at 140. This is particularly true here, where a case

involving less than $5,000 in damages is removed to federal court, and it is apparent no basis for removal exists on the face of the Complaint. The Court is particularly troubled by the incomplete and inaccurate information provided in Defendant's Notice of Removal, the facial inadequacy of the amount in controversy, and the waste of judicial resources resulting from 13 cases Defendant has improperly removed in this District.[4]

Accordingly, the Court finds Plaintiff is entitled to fees and costs in this case; however, the Court defers consideration of the amount of fees and costs until the conclusion of the state court action. If, at the conclusion of the state court action, fees and costs of removal remain unresolved by the parties, Plaintiff may move to reopen this case for the limited purpose of determining fees and costs, following compliance with applicable Local Rules, including Local Rule 7.3.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion **[ECF No. 23]** is **GRANTED**. This

---

[4] *See generally Path Medical, LLC v. Geico Indemnity Co.*, No. 18-CV-60850-UU, Order [ECF No. 3] filed April 23, 2018 (S.D. Fla. 2018); *Path Medical, LLC v. Geico Indemnity Co.*, No. 18-CV-60886-UU, Order [ECF No. 3] filed April 23, 2018 (S.D. Fla. 2018); *Path Medical, LLC v. Geico Indemnity Co.*, No. 18-CV-60872-BB, Order [ECF No. 3] filed April 24, 2018 (S.D. Fla. 2018); *Path Medical, LLC v. Geico Indemnity Co.*, No. 18-CV-60862-WPD, Order Remanding Case to State Court [ECF No. 7] filed April 26, 2018 (S.D. Fla. 2018); *Path Medical, LLC v. Geico Indemnity Co.*, No. 18-CV-60820-WPD, Order Remanding Case to State Court [ECF No. 7] filed April 27, 2018 (S.D. Fla. 2018); *Path Medical, LLC v. Geico Indemnity Co*., No. 18-CV-60821-WPD, Order Remanding Case to State Court [ECF No. 7] filed April 27, 2018 (S.D. Fla. 2018); *Path Medical, LLC v. Geico Indemnity Co.*, No. 18-CV-60863-WPD, Order Remanding Case to State Court [ECF No. 9] filed April 27, 2018 (S.D. Fla. 2018); *Path Medical, LLC v. Geico Indemnity Co.*, No. 18-CV-60889-BB, Order [ECF No. 5] filed May 8, 2018 (S.D. Fla. 2018); *Path Medical, LLC v. Geico Indemnity Co.*, No. 18-CV-60868-RNS, Order Remanding Case to State Court [ECF No. 10] filed May 10, 2018 (S.D. Fla. 2018); *Path Medical, LLC v. Geico Indemnity Co.*, No. 18-CV-60857-KMW, Order Remanding Case [ECF No. 18] filed May 17, 2018 (S.D. Fla. 2018); *Path Medical, LLC v. Geico Indemnity Co.*, No. 18-CV-60887-KMM, Order Granting Plaintiff's Motion To Remand [ECF No. 11] filed May 20, 2018 (S.D. Fla. 2018); *Path Medical, LLC v. Geico Indemnity Co.*, No. 18-CV-60864-WPD, Order Remanding Case to State Court [ECF No. 13] filed June 1, 2018 (S.D. Fla. 2018); *Path Medical, LLC v. Geico Indemnity Co.*, No. 18-CV-60888-WPD, Order Remanding Case to State Court [ECF No. 14] filed June 7, 2018 (S.D. Fla. 2018).

case is remanded to the County Court of the 17th Judicial Circuit in and for Broward County, Florida. The Clerk of Court is directed to **CLOSE** this case. All pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Miami, Florida, this 21st day of June, 2018.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record